# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CARL EGLER,** ) | Case No. 3:09-CV-02163 |
| ) | |
| Petitioner, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **TIM BRUNSMAN, WARDEN,** ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Report and Recommendation (the "R&R") of Magistrate Judge Nancy A. Vecchiarelli. **(ECF No. 12).** Pending is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By A Person In State Custody (the "Petition"), filed on September 15, 2009 by Petitioner Carl Egler. **(ECF No. 1).** For the reasons as follows, the Court **ADOPTS** the R&R of Magistrate Judge Vecchiarelli and **OVERRULES** Petitioner's objections.

## I. BACKGROUND

On December 8, 2006, the Defiance County Grand Jury indicted Egler for 10 counts of rape of a victim less than ten years of age in violation of Ohio Rev. Code § 2907.02(A)(1)(b), stemming from allegations that Egler sexually abused his minor daughter. Egler pleaded not guilty to the charges and subsequently requested and received a bill of

particulars. Thereafter, Egler filed a motion to supplement the bill of particulars and a notice of alibi. On October 10, 2007, the Defiance County Court of Common Pleas overruled Egler's motion for a more specific bill of particulars. That same day, the parties presented a negotiated plea agreement. Pursuant to that agreement, the State agreed to amend the first and last counts of rape by deleting the penalty enhancer that the victim was less than ten years of age in exchange for the defendant entering a plea of no contest to the two amended counts of rape. The remaining eight counts were dismissed. The court accepted Egler's plea and immediately proceeded to sentencing. The trial court then sentenced Egler to a term of eight years on Count One and to a consecutive term of seven years on Count Ten, for an aggregate term of fifteen years incarceration. On that same date, Egler was adjudicated as an Aggravated Sexually Oriented Offender.

Egler timely appealed the convictions to the Ohio Third District Court of Appeals, alleging the following two assignments of error:

> I. The Trial Court erred by refusing to dismiss the faulty indictment against Mr. Egler and/or to order the state to provide a more specific Bill of Particulars, in violation of his right under the United States Constitution and under the Ohio Constitution to presentment.
>
> II. The Trial Court erred by denying the defense motion for a proper Bill of Particulars, in violation of the right of the accused under the United States Constitution and under the Ohio Constitution to notice and to protection from double jeopardy.

On August 11, 2008, the state appellate court overruled Eglar's assignments of error and affirmed the judgment of the trial court.

Eglar appealed to the Ohio Supreme Court, which denied and dismissed his

appeal on January 28, 2009. Egler filed this Petition on September 15, 2009 which presented two grounds for relief:

1. The trial court erred by refusing to dismiss the faulty indictment against Mr. Egler and/or to order the State to provide a more specific Bill of Particulars, in violation of his right under the U.S. Constitution to presentment.

2. The Trial Court erred by denying the defense motion for a proper bill of particulars, in violation of tghe [sic] right of the accused under the United States Constitution to notice and to protection from Double Jeopardy.

(ECF No. 1). Respondent filed a Return of Writ on February 26, 2010. (ECF No. 10).

On December 10, 2010, Magistrate Judge Vecchiarelli issued the R&R recommending the Court dismiss the Petition. (ECF No. 12). Egler timely filed objections to the R&R (the Objections"). (EFC No. 13).

## II. LEGAL STANDARD

Egler filed his federal habeas Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254; therefore, the AEDPA applies to this case. *Williams v. Taylor*, 529 U.S. 420, 429 (2000); *Whiting v. Burt*, 395 F.3d 602, 609 n.5 (6th Cir.2005) ("Although [p]etitioner's conviction predated the effective date of the AEDPA, his [p]etition was filed after that date and, therefore, the AEDPA applies."). The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the

-3-

state court proceeding." 28 U.S.C. § 2254(d); *See also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court provided the proper application of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, 269 F.3d at 614 (internal quotations omitted) (quoting *Williams*, 529 U.S. at 412). Meanwhile, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quoting *Williams*, 529 U.S. at 412). The Sixth Circuit has held that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000). Here, Egler timely filed Objections, and accordingly the Court conducts a *de novo* determination of those portions of the R&R to which Egler properly objected, pursuant to 28 U.S.C. § 636(b)(1)(C).

**A. Defective indictment and bill of particulars.**

Egler argues that the Magistrate Judge misapplied *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2006), when she concluded that the indictment and bill of particulars in this case were distinguishable from those in *Valentine*. The Magistrate Judge found that the facts in this case were distinguishable from those in *Valentine* because each of the alleged acts by Egler was described in the indictment and bill of particulars as occurring during a separate and

distinguishable one-month time period.  Egler argues that this case is not distinguishable from *Valentine*; as there is no functional difference between an indictment that alleges ten acts across a ten month period and one that alleges one or more acts in each month of the same ten month period.  In either case, Egler asserts that the result is a general indictment containing representative counts rather than actual counts, and that such an indictment provides inadequate notice and offends Due Process.

The criteria for determining whether an indictment is sufficient has been outlined by the Sixth Circuit as follows: "[A]n indictment is only sufficient if it (1) contains the elements of the charged offense, (2) gives the defendant adequate notice of the charges, and (3) protects the defendant against double jeopardy." *Valentine*, 395 F.3d at 631, fn. omitted (citing *Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038 (1962)) .  In *Valentine*, the indictment described forty offenses occurring between March 1, 1995 and January 16, 1996.  *Id.* at 629.  The *Valentine* court held that the indictment violated the defendant's rights to adequate notice and his right to be protected from double jeopardy because it contained multiple, undifferentiated charges based on allegations of "typical" abusive conduct and the victim's estimate of the frequency of those acts.  *Id.* at 631-32.  The court reasoned that it was unfair to "permit multiple convictions to stand based solely on a child's numerical estimate."  *Id.*  The court observed that because the counts were "not anchored to forty distinguishable criminal offenses, Valentine had little ability to defend himself" and "was prosecuted and convicted for a generic pattern of abuse rather than for forty separate abusive incidents."  *Id.* at 633-34.  The *Valentine* court noted that only "minimal differentiation,"is required, not exact date, time and place specifications or "overly-burdensome precision," instead the fact finder "must be able to tell one count from another." *Id.*

at 637.

> The state appellate court applied the *Valentine* standard, holding:
>
> Here, the indictment does not specifically enumerate every instance of sexual conduct alleged by the victim over the ten-month period, but instead sets forth a single representative count of sexual conduct for each month during the ten-month period. This Court has previously found that "the details of every instance need not be established in the indictment itself. Rather, it is enough that the bill of particulars provide sufficient detail to connect each charge to a specific incident and provide the defendant with adequate notice of the crimes charged." *State v. Van Voorhis*, 3d Dist. No. 8-07-23, 2008-Ohio-3224, ¶ 41, citing *Valentine*, 395 F.3d at 626. Here, the June 2007 Bill of Particulars provided that "the sexual conduct referred to in each count of the indictment included the act of fellatio involving the victim's mouth and [Egler's] penis" and further specified that "sexual conduct in the form of vaginal intercourse also occurred." Further, the bill of particulars specified that each type of conduct occurred not less than once each month during the ten-month period. We find that the bill of particulars adequately provided Egler with notice of the conduct with which he was charged and against which he must defend. *See Van Voorhis*, 2008-Ohio-3224, at ¶¶ 42-43. § ¶ 24. T]he indictment/bill of particulars did not prejudice Egler by making him unable to provide a notice of alibi. Courts have found that a defendant is entitled to specific dates where they are necessary for his defense-such as where he asserts an alibi. *See Yaacov, supra*. The Supreme Court of Ohio has provided the example that such prejudice may occur, and thus specific dates would be required, where "the defendant had been imprisoned or was indisputably elsewhere during part but not all of the intervals of time set out in the indictment." *State v. Sellards* (1985), 17 Ohio St.3d 169, 172, 478 N.E.2d 781 (emphasis added). In light of this example, courts have posited that, where a defendant generally denies all counts in the indictment, specific dates are no longer necessary. *State v. Lawwill*, 8th Dist. No. 88251, 2007-Ohio-2627, ¶ 14, *citing Yaacov, supra*. Here, as Egler's defense was a denial of any sexual conduct with J.E. and his notice of alibi contended that he was never alone with the child during the ten-month period alleged, we cannot see how more specific dates and/or times would be necessary for his defense. *See Sellards*, 17 Ohio St.3d at 172, 478 N.E.2d 781.

*State v. Egler*, No. 4-07-22, 2008 WL 3271234 at *5-6 (Ohio App. Aug. 11, 2008), *appeal not allowed by,* 120 Ohio St. 3d 1488, 900 N.E.2d 198 (Ohio 2009).

The Court finds that the state appellate court decision is neither contrary to, nor involves an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. In the context of child abuse prosecutions, fairly large time

frames are not in conflict with constitutional notice requirements where, as here, there is "no evidence that the state had more specific information regarding the time period of the abuse." *Valentine*, 395 F.3d at 632 (citations omitted).  In *Valentine*, the real problem with the indictment was that there were "absolutely no distinctions made" between the counts, rendering it impossible for a jury to find the defendant guilty of some but not all of the charges.  *Id.*  Moreover, in *Valentine*, the only evidence presented at trial as to the number of incidents was the victim's testimony estimating the frequency of "typical" abusive acts each indistinguishable from the next.  *Id.*   In this case, the magistrate judge correctly found that the counts of Egler's indictment were differentiated, even if minimally so, by a definitive one-month time frame, thus enabling a jury to find, for instance, that Egler was guilty on count two but not guilty on count three.  Furthermore, because there was never a trial in this case, no one will ever know whether the victim's testimony could have distinguished each occurrence by reference to contemporaneous, temporal circumstances, such as the seasons, the weather, the time of day, or the proximity to holidays, birthdays, or any number of other memorable events in the life of a child.  The prosecution would have had the burden of proving beyond a reasonable doubt that each count occurred in each month alleged.  If the prosecution failed to meet this burden with respect to any of those counts, such count(s) would have been subject to Rule 29 dismissal.  On these facts, it cannot be said that it would have been impossible for a jury to find Egler guilty of some but not all of the counts contained in the indictment.  Therefore, Egler's objection is overruled.

### B.     Double Jeopardy

Next, Egler argues that the Double Jeopardy Clause is not satisfied by an acquittal

or conviction for a "representative charge." Each count of the indictment alleged a specific act of a sexual nature with the same victim, in the same location, occurring at least once in the specified month. The state appellate court held that Eglar is protected against a subsequent prosecution for the same conduct because each indictment differentiated the counts by time period, each alleging one or more instances of prohibited conduct in a different month. The Magistrate Judge found that a finding of "not guilty" on any count would have established for Double Jeopardy purposes and *res judicata* purposes that Egler had not committed any act of rape involving the alleged victim in the relevant month. The Court finds no fault with the Magistrate Judge's logic. Having elected to charge Egler for committing specified acts, with a specific victim, at a specified location, and during a specific time frame, the State, thereafter, would be barred from presenting these charges again. *See Kingsley v. Turner*, 191 F.3d 452 (6th Cir. 1999) (citing *United States v. Felix,* 503 U.S. 378, 385 (1992)). The State would have been required to produce evidence to support a different time frame for subsequent charges not to be considered the same offense for double jeopardy purposes. *Id.* Therefore, Egler's rights under the Double Jeopardy Clause were not violated, and his objection is overruled.

### C.   Notice

Next, Egler asserts that the Magistrate Judge did not properly consider whether the State of Ohio reasonably applied federal law as to "notice." As outlined, *supra*, the state appellate court found that the indictment and bill of particulars provided Egler with sufficient notice of the crimes charged because each was separate and distinguishable by one-month time periods. The *Valentine* court "and numerous others have found that fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice

requirements." *Valentine*, 395 F.3d at 632. Furthermore, the state appellate court found that Egler was not prejudiced by the absence of more specific times and dates because such information was not necessary to his defense, namely, that he was never alone with the child, nor had any sexual contact with her. After a thorough review of *Valentine,* the Magistrate Judge found that the state appellate court's decision satisfied due process and the minimal differentiation requirement, and therefore, was not an objectively unreasonable application of federal law. The Court finds that the Magistrate Judge properly considered and applied the 'reasonable application' standard, and that it is Egler who has failed to show how the state appellate court unreasonably applied a holding of the Supreme Court. Therefore, Egler's objection is overruled.

### III. CONCLUSION

Accordingly, the Court hereby **ADOPTS** the Report and Recommendation (**ECF No. 12**) in full, and **DISMISSES** Egler's § 2254 Petition for Writ of Habeas Corpus By A Person In State Custody **WITH PREJUDICE**. (**ECF No. 1**).

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster   December 29, 2010*
**Dan Aaron Polster**
**United States District Judge**